**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No. EDCV 13-01848-VAP (DTBx) Date: October 21, 2013

Title: CLINTON THWEATT AND BARBARA THWEATT *-v-* BANK OF AMERICA, N/A, F/K/A COUNTRYWIDE, et al.

===============================================================

PRESENT: HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

Marva Dillard
Courtroom Deputy

None Present
Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:

None

ATTORNEYS PRESENT FOR DEFENDANTS:

None

PROCEEDINGS: ORDER TO SHOW CAUSE RE: SUBJECT-MATTER JURISDICTION (IN CHAMBERS)

On October 10, 2013, Plaintiffs Clinton Thweatt and Barbara Thweatt ("Plaintiffs") filed a Complaint against the Defendants. (Doc. No. 1.) In the Complaint, Plaintiffs allege twelve claims, each relating to the foreclosure of their property. From the Complaint, it is unclear whether this Court has jurisdiction. For the reasons stated below, the Court ORDERS Plaintiffs to show cause regarding subject-matter jurisdiction.

"In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." Peralta v. Hispanic Bus., Inc., 419 F.3d 1064, 1069 (9th Cir. 2005). The Court has an independent obligation to ensure that its subject-matter jurisdiction has been invoked properly. Fed. R. Civ. P. 12(h)(3). A

party may invoke the Court's jurisdiction under federal question, where there is an action "arising under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331. Alternatively, a party may invoke the Court's diversity jurisdiction, under 28 U.S.C. § 1332, in "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between [c]itizens of different States." 28 U.S.C. § 1332(a)(1). Where subject-matter jurisdiction is based on 28 U.S.C. § 1332, complete diversity of citizenship is required. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978). In other words, a court lacks subject-matter jurisdiction "unless each defendant is a citizen of a different State from each plaintiff." Id.

Upon review of the Complaint, the Court finds that the Plaintiffs fail to allege their own citizenship. As the Plaintiffs do not allege their citizenship, the Court is unable to determine if the parties are completely diverse. The Court does note, however, that the Civil Cover Sheet accompanying the Complaint indicates that the Plaintiffs are citizens of California. (See Civil Cover Sheet (Doc. No. 1-1) at 2.)

The Complaint alleges that Defendant Trustee Corp. is "a California company, organized . . . under the laws of the State of California, doing business in Irvine, California." Compl. at ¶ 2. Under 28 U.S.C. § 1332(c)(1), a corporation is considered to be a citizen of its state of incorporation and of the state of its "principal place of business." 28 U.S.C. § 1332(c)(1). The Supreme Court has held that a company's "principal place of business" is where the corporation's "officers direct, control, and coordinate the corporation's activities." See Hertz Corp. v. Friend, 557 U.S. 77, 92-93 (2010). Pursuant to § 1332(c)(1), Trustee Corp. would therefore be a citizen of California. If, as the Civil Cover Sheet indicates, Plaintiffs are also California citizens, then there is no complete diversity and this Court lacks subject-matter jurisdiction over this action.

The Court also notes that the Civil Cover Sheet indicates that the basis of jurisdiction is federal question jurisdiction. Upon review of the Complaint, however, the Court finds that the Complaint presents no federal question.

Finding that the basis of the Court's jurisdiction is unclear, the Court ORDERS Plaintiffs to show cause why this action should not be dismissed for lack of subject-matter jurisdiction. Plaintiffs shall file a response, in writing, no later than November 1, 2013. Failure to respond shall result in dismissal of this action.

**IT IS SO ORDERED.**